**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**,

                    Plaintiff,

v.                                                              **Case No. 19-03098-01-CR-S-MDH**

**QUENTIN T. WARE,**

                    Defendant.

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

The United States of America, by the United States Attorney for the Western District of Missouri, does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure Defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that Defendant committed the offense of possession with the intent to distribute a controlled substance within 1,000 feet of a college or university, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a);

2. Defendant poses a risk to the safety of others in the community; and

3. Defendant poses a flight risk.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f) of Title 18 of the United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure a defendant's appearance and the safety of any other person in

the community if the attorney for the Government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) for which imprisonment for 10 years or more is possible. In this case, Defendant is charged with possession with the intent to distribute a controlled substance within 1,000 feet of a college or university, a crime for which a term of imprisonment of no more than 10 years is possible in the present case.

The Government further submits that, in light of the Complaint filed in this case, there is probable cause to believe Defendant violated 21 U.S.C. §§ 841(a)(1) and 860(a). Section 3142(e) provides that a presumption that a defendant will not appear for subsequent court appearances arises if the offense is one enumerated under the Controlled Substance Act. Accordingly, the Government contends that, upon a showing that there exists probable cause that Defendant committed the offense of possession with the intent to distribute a controlled substance within 1,000 feet of a college or university, there is a legal presumption, subject to rebuttal by Defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743–44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069–70 (8th Cir. 1988).

Additionally, under the Bail Reform Act, there is a presumption that the likelihood of flight increases with the severity of the charges, the strength of the Government's case, and the penalty that conviction could bring. *See Apker*, 964 F.2d at 744; *see also United States v. Soto Rivera*, 581 F.Supp 561 (D.C. Puerto Rico 1984); *United States v. Menster*, 481 F.Supp. 1117 (D.C. Fla. 1979). If convicted of all counts in the Indictment, Defendant us subject to an aggregate, mandatory minimum sentence of six years' imprisonment. Furthermore, the Government submits that the evidence against Defendant in this matter is substantial.

Section 3142(g) lists the factors this Court should consider in determining whether the Court can fashion conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *Tortora,* 922 F.2d at 885–86. Danger to the community does not only refer to physical violence, but extends to any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora,* 922 F.2d 880 (1st Cir. 1990).

To further support the Government's contention that Defendant is a risk to the safety of the community and presents a flight risk, the Government offers that:

1. On November 7, 2018, Springfield, Missouri, Police Department ("SPD") officers executed a search warrant for controlled substances at a residence occupied by Defendant in Springfield, Missouri. Defendant and several other individuals were found within the residence and detained. A search of Defendant's person pursuant to the warrant yielded a keyring. Officers subsequently found that a key on the keyring opened a safe containing a firearm and approximately 343 suspected alprazolam (trade name Xanax) pills. Another safe was discovered in the residence and contained identification cards bearing Defendant's name and .45-caliber ammunition.

2. On January 29, 2019, SPD officers executed a search warrant at a different residence occupied by Defendant in Springfield, Missouri. During their search, officers discovered three firearms, a loaded rifle magazine, and items indicative of drug distributions. Defendant stated he was repairing one of the firearms for an acquaintance but denied knowledge of the remaining two.

3. Defendant has a history of criminal activity that includes the following convictions:

    a. Criminal damage to property in Shawnee County, Kansas, on or about November 21, 2016;

b. Three counts of aggravated robbery in Shawnee County, Kansas, on or about March 22, 2010, resulting in a sentence of 66 months' imprisonment; and

c. Possession of a controlled substance in Shawnee County, Kansas, on or about June 1, 2006.

4. A review of the court documents associated with Defendant's aggravated robbery convictions reveals that they arose from an incident during which Defendant and several accomplices committed an armed robbery. According to court documents, Defendant admitted involvement in the robbery but stated that he possessed a pellet gun. A search of Defendant's residence as part of the robbery investigation yielded two handguns.

5. Defendant appears to have limited ties to the Springfield metropolitan area.

For the foregoing reasons, the United States requests that a detention hearing be held and that Defendant be denied bail.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney
Western District of Missouri

By  */s/ Byron H. Black*
Byron H. Black
Assistant United States Attorney
Minnesota Bar No. 0395274
901 East St. Louis Street, Suite 500
Springfield, Missouri 65806-2511

**Certificate of Service**

The undersigned hereby certifies that a copy of the foregoing was delivered on July 24, 2019, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Byron H. Black*
Byron H. Black
Assistant United States Attorney